IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WONDWESEN TEFERA,

               Plaintiff,               CV-07-1413-ST

    v.                                 OPINION AND ORDER ON
                                           EVIDENTIARY OBJECTIONS

CITY CENTER PARKING,

               Defendant.

STEWART, Magistrate Judge:

In connection with the pending summary judgment motion, defendant City Center Parking ("CCP") objects to almost all the evidence that plaintiff Wondwesen Tefera ("Tefera") has submitted. Those objections are overruled in part and sustained in part as follows:

**I.**    **Tefera's Deposition**

CCP objects to portions of Tefera's deposition due to the fact that he did not properly authenticate the submitted excerpts. A deposition excerpt is admissible evidence that the court

1 OPINION AND ORDER ON EVIDENTIARY OBJECTIONS

may consider on summary judgment, but it must be properly authenticated. *See Orr v. Bank of Am.*, 285 F3d 764, 779 n27 (9th Cir 2002). This is accomplished when the excerpt "identifies the names of the deponent and the action and includes the reporter's certification that the deposition is a true record of the testimony of the deponent." *Id*, citing FRE 901(b), FRCP 56(e) & 30(f)(1).

Tefera failed to offer the first page or a signed copy of the reporter's certification along with his deposition excerpt. While this defect could require striking it for lack of authentication, CCP also has submitted excerpts of Tefera's deposition in support of its motion for summary judgment.[1] CCP admits that the pages it authenticated may be used by all parties, but seeks to strike those excerpts submitted by Tefera which were not authenticated and not included in CCP's submissions.

Authentication goes to the genuineness of an piece of evidence, not its admissibility. *Orr*, 285 F3d at 776. Accordingly, as long as the deposition excerpts offered by Tefera are part of the same deposition offered by CCP, they are admissible. *Id*. The excerpts offered by Tefera have the same distinguishing characteristics as those offered by CCP: "Wondewesen Tefera" appears prominently at the top of each page as does the date his deposition was taken, "July 9, 2008;" the name of the court reporting firm appears on the bottom of each page; and the overall appearance and subject matter of the document is consistent throughout. Thus, CCP's objection is overruled.

///

///

---

[1] CCP also failed to properly authenticate Tefera's deposition excerpt by neglecting to include the reporter's certification that the deposition is a true record of the testimony of Tefera taken on the date of his deposition. Since both parties agree that this is a true copy of Tefera's deposition, it is admitted for purposes of this motion.

2  OPINION AND ORDER ON EVIDENTIARY OBJECTIONS

II.     **Declaration of Wondossen Desta**

Wondossen Desta ("Desta") was a supervisor for CCP who "often worked with . . . Tefera." Desta Decl., ¶¶ 1-2. CCP moves to strike seven of the 12 paragraphs of Desta's Declaration in full (¶¶ 3-5, 8, 10-12) and three paragraphs in part (¶¶ 6, 7, and 9) because Desta does not state or otherwise demonstrate that his testimony is based on personal knowledge.

A declaration offered in opposition to summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." FRCP 56(e)(1). "To defeat summary judgment, [Tefera] 'must respond with more than mere hearsay and legal conclusions.'" *Orr*, 285 F3d at 783, quoting *Kaiser Cement Corp. v. Fischbach and Moore, Inc.*, 793 F2d 1100, 1104 (9th Cir 1986).

Desta's Declaration does not explicitly state that it is based upon his own personal knowledge or that he could competently testify as to each and every allegation. Other than the broad statement that he was a supervisor at CCP and worked with Tefera, it does not attempt to demonstrate the basis of his personal knowledge for the specific incidents he describes. Because of these defects, many of his statements could not be offered in their present form at trial due to their lack of foundation. Overall, his declaration is poorly crafted and demonstrates a general disregard for the rules of evidence.

Yet at least some of his testimony satisfies the personal knowledge requirement and would be admissible testimony at trial. Because Desta worked as a supervisor, he presumably has personal knowledge the operations and business practices of CCP as they apply to supervisors. Also, as a supervisor, Desta would have attended the supervisors' meetings at CCP. Thus, events that occurred at these would presumably be within his knowledge. Furthermore,

3  OPINION AND ORDER ON EVIDENTIARY OBJECTIONS

the basis of Desta's personal knowledge for paragraphs 1 and 2 is self-evident, and the first sentence of paragraph 7 is an opinion of Tefera's work ethic which this court will consider for purposes of this motion. Accordingly, CCP's motion is overruled as to paragraphs 1, 2, 8 and 9, as well as the second sentence of paragraph 6.

It is highly likely that Desta has sufficient personal knowledge to testify competently as to the issues covered in paragraphs 3-5 and the remainder of paragraphs 6 and 7 and 10-12, but the fact that Desta worked at CCP with Tefera cannot alone serve as an adequate foundation for these statements. These paragraphs lack critical information, such as some affirmative indication that Desta personally observed the incidents or that he learned of the incidents in a way that would permit him to testify about them without violating FRE 802 and FRCP 56(e). As a result, CCP's motion is sustained as to these paragraphs. Even so, the information contained in these paragraphs is largely cumulative of other evidence submitted by Tefera and is not critical at this stage of the case.

### III. Tefera's Declaration

CCP also moves to strike several paragraphs of Tefera's Declaration. CCP objects to paragraph 2 as vague, ambiguous and not supported by competent evidence. In paragraph 2, Tefera states that he "often received unfair treatment from the upper management at City Center Parking, especially from the operations manager Al Niknabard." This court agrees that the phrase "often received unfair treatment" is vague and ambiguous, but Tefera's belief that he was treated unfairly is a component of his discrimination claims against CCP. This statement alone does not suffice to prove anything at issue in this case, but his belief about his treatment is not wholly irrelevant. It is Tefera's burden, however to go beyond this belief and to demonstrate specific and material supporting facts. CCP's objections to paragraph 2 are overruled.

CCP objects to paragraph 4 in which Tefera states that "[o]ther African CCP employees were also given less African sounding names. Two examples are Wondesen Desta (name used by CCP: Desta) and Goytome (name used by CCP: Tommy)." CCP objects to these statements as vague and ambiguous, not supported by competent evidence, and not declared on personal knowledge. These objections are overruled. CCP's objections go to the weight of Desta's evidence, not its admissibility. Tefera would know of his co-workers' nicknames, and he believes they were given to them for the same reason he alleges he was given a nickname, namely because they were less African sounding. Tefera does not reveal who gave these co-workers the nicknames in this statement, but his implication is clear that CCP (or one of its agents) did.

CCP objects to paragraph 7 ("It was common knowledge within CCP that the Rose Quarter Supervisor position was a promotion from a standard Supervisor position.") as not supported by competent evidence and hearsay. These objections are overruled. As a supervisor for CCP, Tefera's opinion on what constitutes a promotion within the organization is competent evidence on this issue. His opinion is supported by Desta's testimony, another supervisor. Desta Decl., ¶ 8.

CCP objects to paragraph 9 ("I terminated my employment with CCP due to the racially discriminatory and harassing behavior and retaliation that occurred within CCP, even after complaints were made to Supervisors and the owner of CCP.") as not supported by competent evidence and as contradicting the following deposition testimony by Tefera:

> Q: Was there an incident that happened that caused you to resign?
> A: Yeah. The pressure. Couldn't take it. So I went and talked to Mark [Goodman] and Al [Niknabard], and they said why are you leaving, I said I'm leaving because of standing by. You never told us about standing by work before. I said I did. So I did the best I

5  OPINION AND ORDER ON EVIDENTIARY OBJECTIONS

        can.  I'm done.  I'm leaving, so what you want to do.

Tefera Depo., pp. 144-45.

    CCP asserts that Tefera admits that he did not leave due to racial discrimination, retaliation or harassment, but due to the stand-by policy and job pressure.  As a result, it seeks to strike Tefara's contradictory declaration as a "sham" affidavit.  *See Hambelton Bros. Lumber Co. v. Balkin Enters., Inc.*, 397 F3d 1217, 1225 (9th Cir 2005) ("Under our 'sham' affidavit rule, 'a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony.'), quoting *Kennedy v. Allied Mut. Ins. Co.*, 952 F2d 262, 266 (9th Cir 1991).

    This court does not read Tefera's deposition testimony as stating that his only reason for leaving CCP was its stand-by policy.  Immediately after the testimony quoted above, Tefera further explains why he quit:

> Q.  I just want to confirm, when you met with Mark [Goodman] and Al [Niknabard] and said it's a hostile environment, I'm leaving, you never said I think I'm being treated differently because of my race and national origin?
> A.  Not the word I said national region [*sic*] or race.  I said I don't feel healthy.  I can't take this anymore so its building up.  I mean Al and Mark, they are – I'm not telling personality, but they are the same.  I mean they are together all of the time, and they have the same concept.  So I kept telling them the same thing.  They are not going to changes [*sic*], so why am I wasting my time, so I've got to go.

Tefera Depo., pp. 145-46.

    Thus, it appears that Tefera complained of more than just the stand-by policy before leaving and felt that he could not discuss more specific reasons because previous complaints about his treatment at CCP produced no changes.  *See also*, *id* at 138-39.  Taken in this light, Tefera's statement in his declaration is not contradicted by his earlier testimony.  That he chose not to allege discrimination as a basis for his resignation at the time, does not contradict his

6  OPINION AND ORDER ON EVIDENTIARY OBJECTIONS

statement now that it was the primary reason he quit. Because Tefera's declaration is not being offered to create an issue of fact by contradicting his deposition testimony, it does not violate the "sham" affidavit rule. Thus, CCP's objection is overruled.

DATED this 20th day of February, 2009.

s/ Janice M. Stewart_____
Janice M. Stewart
United States Magistrate Judge